MORGAN, Appellant, vs. PIERRON, Respondent.

*November 4 — December 1, 1885.*

*Estoppel: Credit obtained on faith of ownership of property.*

A father stocked a farm and placed his son thereon to carry it on and make his living therefrom. The son contracted a debt for which the stock was attached. In an action of replevin brought by the father it appeared that he knew nothing of the debt at the time it was contracted, and it did not appear that he knew that the son was holding himself out as the owner of the property for the purpose of obtaining credit, nor that the debt in question was contracted on the faith that the son was the owner. *Held,* that the father was entitled to recover.

APPEAL from the Circuit Court for *Fond du Lac* County.

The action is replevin for a lot of sheep, lambs, and wool, seized by the defendant, as sheriff, by virtue of a writ of attachment in his hands, which was sued out by one Murray against the property of Lysand Morgan, the son of the plaintiff. The verdict is that the plaintiff was not the owner of the property replevied, and that the same was not wrongfully detained by the defendant. A motion of the plaintiff for a new trial was denied, and judgment for the defendant entered pursuant to the verdict. The plaintiff appeals from such judgment.

The cause was submitted for the appellant on the brief of *Gabe Bouck,* and for the respondent on that of *Geo. P. Knowles.*

LYON, J. The evidence is undisputed that, as between the plaintiff and his son Lysand, the father was the owner of the property in controversy. The plaintiff purchased and stocked a farm, and put his son on it to carry it on and make his living therefrom, if he could. There was never any transfer of the property to the son. The property seized by the sheriff was part of such stock, and the product thereof.

Considerable testimony was given on the trial, on behalf of defendant, tending to show that the plaintiff had in various ways allowed his son to treat the farm, and property pertaining to it, as his own. The court submitted to the jury the question whether the plaintiff had clothed his son with the apparent possession and ownership of the property, so that he was in a position to obtain credit upon the faith that he was the real owner; whether the son, with the knowledge or consent of the plaintiff, held himself out as the real owner, and was thereby enabled to contract the debt upon which the attachment issued; or whether the credit was given on the faith that he was such owner. The jury were instructed as follows: "Although the son may have claimed and held himself out to the world as the owner of the property, yet, unless the plaintiff knew of such conduct on the part of the son, and sanctioned or permitted it, so as to mislead or deceive those dealing with the son, he cannot be defeated in his recovery; but if the plaintiff knew that the son claimed to be the owner of the property in dispute, and permitted him to manage and deal with the property as his own, and the debt was contracted on the faith of such conduct and acts of the plaintiff, then the plaintiff is estopped to assert his ownership of the property in dispute, and you will say he is not the owner of such property, and your verdict will be for the defendant."

It is not here determined whether this is a correct statement of the law; but, assuming it to be so in a case to which it is applicable, we think it should not have been given in this case. We find no testimony upon which the jury could properly have found either that the plaintiff knew his son was holding himself out as the owner of the property for the purpose of obtaining credit, or that the debt specified in the attachment was contracted on the faith that he was such owner. The plaintiff did not know that his son was getting in debt until long after the debt specified in the attachment

was contracted; and it does not appear that the creditor to whom it was contracted knew anything about the ownership of the property, apparent or actual, its condition, or the circumstances of his debtor.

The above instruction should not have been given, and on the undisputed evidence the plaintiff should have had a verdict. The judgment must be reversed, and the cause will be remanded for a new trial.

*By the Court.*— It is so ordered.